ARISTIDE W. GIAMPIETRO, *Plaintiff in Error,* v. WILLIAM M. NELMS, *Defendant in Error.*

Opinion Filed April 20, 1915.

ALLEGATA AND PROBATA MUST AGREE.

In order for a party to recover in any action, his *probata* must correspond with and sustain his *allegata,* and when he alleges that he was employed on the promise of a per centage commission to find a purchaser for stock in which the defendant promissor was interested, and that he did find a purchaser

for a particular fifty shares of stock in which the defendant
was interested, such allegation is not sustained by proof show-
ing that he found a purchaser for fifty shares of stock owned
wholly by other parties, and in which the defendant did not
own any interest whatsoever.

Writ of error to Circuit Court for Hillsborough County;
F. M. Robles, Judge.

Judgment reversed.

*Martin Caraballo,* for Plaintiff in Error;

*H. C. Gordon,* for Defendant in Error.

TAYLOR, C. J.—The defendant in error, hereinafter
referred to as the plaintiff, sued the plaintiff in error, here-
inafter referred to as the defendant, in the Circuit Court
of Hillsborough County in an action of assumpsit, and
the plaintiff recovered judgment against the defendant for
the sum of $750.00. This judgment the defendant below
brings here for review by writ of error.

The declaration in the case, besides the common counts
for work and labor performed, and goods sold and money
lent, contains a fourth count on special contract as fol-
lows:

"And in a like sum of $760.00 dollars for commissions
due the plaintiff from the defendant for finding a pur-
chaser for stock in which the defendant was interested
at the request of the defendant, and for which services
the defendant promised to pay the plaintiff 15 per cent.
for each share of stock sold for which the plaintiff would
find a purchaser. The plaintiff avers that he did find
a purchaser for said stock numbering 50 shares of said

stock, and that said purchaser was ready, willing and able to purchase said stock at the price and on the terms agreed to by the defendant, and did so purchase the said 50 shares of stock whereby the defendant became indebted to the plaintiff in the sum of 760 dollars which the defendant has refused to pay to the plaintiff although the plaintiff has often requested him so to do. Wherefore plaintiff brings suit and asks damages of the defendant in the sum of 2000.00 dollars."

There was an amendment to this fourth count giving the name of O. H. Lowther as being the purchaser of the stock found by the plaintiff.

The only proof to sustain the common counts was an alleged sale by the plaintiff to the defendant of a rifle for the sum of Five dollars and an alleged loan by the plaintiff to the defendant of five dollars both of which items the defendant testified that he had paid in full. And as the jury in their verdict found neither of these items in the plaintiff's favor, but based their finding entirely upon the claim made in the fourth count of the declaration, it is patent that they gave credence to the defendant's testimony to the effect that he had paid these two small items, discrediting the plaintiff's denial of such payments. The whole controversy between the parties, therefor, hinges upon the claim made in the above quoted fourth count of the declaration. It must be observed that said fourth count does not allege the name of any corporation or joint stock company that issued the stock that it alleges the plaintiff found a purchaser for, neither does it allege or explain how or to what extent the defendant was "interested" in such stock, but contents itself with claiming a commission for "finding a purchaser for 50 shares of stock in which the defendant was interested."

The clear meaning of this allegation, in the absence of any further explanation, was that the defendant was interested in the *stock* for which a purchaser was found, either as sole or part owner thereof, and not merely that he was or may have been interested in the affairs of the corporation or joint stock company who may have issued said stock. There is not a word of proof even tending to show that the defendant had any interest whatsoever in or ownership over the particular fifty shares of stock for which the plaintiff found a purchaser, but on the contrary, the plaintiff by his own testimony shows that one thousand dollars of said stock for which he found a purchaser belonged wholly to one Trousdale, and not to the defendant, and that the remaining four thousand dollars worth of stock for which he found a purchaser belonged wholly to the corporation issuing it and not to the defendant, and this evidence of the plaintiff is fully sustained by the evidence of Mr. Lowther, the purchaser whom the plaintiff found as he alleges for said stock. In order for a party to recover in any action his *probata* must correspond with and sustain his *allegata,* and when he alleges that he was employed on the promise of a percentage commission to find a purchaser for stock in which the defendant promissor was interested, and that he did find a purchaser for a particular fifty shares of stock in which the defendant was interested, such allegation is not sustained by proof showing that he found a purchaser for fifty shares of stock owned wholly by other parties, and in which the defendant did not own any interest whatsoever. It follows from what has been said that the defendant's motion for new trial should have been granted on the grounds that the verdict is contrary to the law and the evidence, and is not supported by the evidence. There was no evidence

as to the *quantum meruit* of the plaintiff's services in find-ing a purchaser for the stock upon which the finding of the jury could have been predicated on the common count for work and labor done and performed.

The said judgment of the Circuit Court in said cause is hereby reversed at the cost of the defendant in error.

SHACKLEFORD, COCKRELL, WHITFIELD AND ELLIS, JJ., concur.